### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

HAROLD PRICE,

    Plaintiff,

v().                                                           CASE NO. 1:13-cv-00250-MP-GRJ

CAROLYN W COLVIN,

    Defendant.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 4, 2014. (Doc. 14). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections at Doc. 15. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The plaintiff makes two main arguments in this case. First, he claims that the ALJ failed to explain why he did not give great weight to the treating physician's opinion which the physician submitted by filling out several residual functional capacity forms. An examination of the ALJ's order belies this claim, however, and shows that it was the lack of a long-term relationship and inconsistencies between the doctor's treatment notes and the responses on the form that supported rejecting his opinion:

> In this case, I have concluded that the opinions of John Colon, M.D., are not entitled to controlling or substantial weight because they are inconsistent with the objective medical evidence of record and not supported by the record as a whole (Exhibits 14E, 9F, 10F, 12F, 13F and 14F). Dr. Colon has opined that the claimant has a marked limitation in his ability to complete a normal workday and workweek without interruptions from pain (Exhibit 13F.) Dr. Colon also opined that the claimant was only able to sit or stand for one hour per day, and lift a maximum of fifteen pounds (Exhibit 12F). The undersigned finds that Dr. Colon's

>  opinions are completely unreliable because they are not consistent with the claimant's testimony and because Dr. Colon has only seen the claimant two times over the course of the past two years. Further Dr. Colon's opinions are not supported by his own records. Examination notes by Dr. Colon from March 2007 reflect that the claimant's ability to function was within normal limits (Exhibit 2F). Dr. Colon's opinion that the claimant needs to elevate his feet, is not supported by his own treatment records, which fails to document any such limitation. Dr. Colon's opinions are also not supported by the claimant's testimony regarding his recent work as a caterer, wherein he was on his feet for hours at a time.

Second, plaintiff claims that the ALJ's "credibility finding is meaningless boilerplate substituting for analysis."  He relies upon the same language that courts have criticized in earlier cases:

>  After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably he expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

However, unlike those earlier cases, this sentence was followed up with specific examples:

>  The severity of the symptoms and the alleged effect on function is not entirely consistent with the total medical and nonmedical evidence, including statements by the claimant and others, observations regarding activities of daily living, and alternations of usual behavior or habits. The claimant testified that he is able to perform self-care, vacuum, dust, do dishes, do laundry, make simple meals, and can lift and carry 40 to 45 pounds. The claimant testified that he has worked since the alleged onset date as a caterer and was on his feet for three to four hours at a time. Although the claimant worked at levels below SGA, his ability to perform this work shows good functioning

Such specificity is clearly not meaningless boilerplate.  Accordingly, it is hereby

>  **ORDERED AND ADJUDGED:**
>
>  The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order. The decision of the Commissioner, denying benefits, is affirmed.
>
>  **DONE AND ORDERED** this   *25th* day of March, 2015

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:13-cv-00250-MP-GRJ*